**ZHI HENG LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 13–2298 NAC.**

United States Court of Appeals, Second Circuit.

Jan. 30, 2015.

**30**

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney General; Allen W. Hausman, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, DEBRA ANN LIVINGSTON and RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Heng Lin, a native and citizen of China, seeks review of a May 20, 2013, order of the BIA, affirming the March 7, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Heng Lin,* No. A200 904 162 (B.I.A. May 20, 2013), *aff'g* No. A200 904 162 (Immig. Ct. N.Y. City Mar. 7, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder,* 562 F.3d 510, 513 (2d Cir.2009).

For applications such as Lin's, which are governed by the REAL ID Act, the agency may base a credibility finding on an appli-cant's demeanor, the plausibility of his account, and inconsistencies in his statements, "without regard to whether [they go] to the heart of the applicant's claim...." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008)(per curiam). The adverse credibility determination is supported by substantial evidence, based on the discrepancies between Lin's credible fear interview, and his asylum application and testimony before the IJ.

■ The IJ did not err in relying on Lin's statements in his credible fear interview. The interview bears sufficient indicia of reliability. The interview was recorded verbatim, conducted with the aid of a Mandarin interpreter, and there is no indication that Lin did not understand the questions. *Zhang v. Holder,* 585 F.3d 715, 725 (2d Cir.2009).

■ Lin's omission of his alleged 2008 arrest, beating, and detention during his credible fear interview provides substantial evidence to support the adverse credibility determination. *Ye v. Dep't of Homeland Sec.,* 446 F.3d 289, 295 (2d Cir.2006) (per curiam) ("Because the BIA has identified a material inconsistency in an aspect of [Ye]'s story that served as an example of the very persecution from which he sought asylum, we hold that the inconsistency afforded substantial evidence to support the adverse credibility finding.") (citations and internal quotations omitted); *see also Lin,* 534 F.3d at 166 n. 3 (noting that "[a]n inconsistency and an omission are ... functionally equivalent" for purposes of a credibility determination). The IJ and the BIA correctly pointed out that this incident, if true, would provide Lin's strongest claim for relief, and so it is implausible

that he would not have discussed it in his credible fear interview. Although Lin did reference having been put in jail and beaten, he specifically tied that statement to a January 2009 burial, not to his church attendance. In addition to the omission, Lin's statements at his interview are internally inconsistent. He later stated that he was not arrested during the burial, and asserted that he had no other encounters with the police, thereby contradicting his prior statement about an arrest.

Lin's confusing testimony regarding his introduction to the church also supports the adverse credibility determination. In his credible fear interview, Lin clarified that in May 2009, he had a ceremony to become an official member of the church, but had been attending church unofficially before that date. However, this alone does not demonstrate credibility because the explanation does not resolve other issues. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (noting that the IJ is not required to credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so.) At another point in his interview, Lin stated that May 2009 was the first time that he was introduced to Catholicism, rather than the date of his official induction into the church, and contradicted that statement in his application, which alleged an introduction to the church at various points in 2008. Additionally, Lin's application states that he went into hiding after the January 2009 incident, but maintained that his official ceremony occurred in May 2009.

█ Accordingly, Lin has failed to show that the identified inconsistencies and omission were an improper basis for the IJ's adverse credibility determination. Because the inconsistencies and omission relate to the main claim of past harm and to Lin's religious practice, the totality of the circumstances supports the adverse credibility determination. *Lin,* 534 F.3d at 167. As all of Lin's claims rely on his credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).